UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

GARLIN RUSSELL,

    Plaintiff,

v.

AD1 GLOBAL HOTELS, LLC,

    Defendant.
_____/

## COMPLAINT
### (FLSA)

1. Plaintiff, GARLIN RUSSELL ("RUSSELL") files this Complaint against Defendant, AD1 GLOBAL HOTELS, LLC ("AD1"), for failure to pay overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and states, as follows:

### JURISDICTION & VENUE

2. This action is brought against Defendant pursuant to the FLSA.

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

4. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the SOUTHERN District of Florida; because the acts that give rise to

1

Plaintiff's claims happened within the SOUTHERN District of Florida; and because Defendant is subject to personal jurisdiction herein.

5. AD1's headquarters and/or principal place of business is located in Hollywood, Broward County, Florida.

## CONDITIONS PRECEDENT

6. All conditions precedent to this action have been performed or waived.

## GENERAL ALLEGATIONS

7. Among other things, AD1 operates, owns, manages and consults with hotels and hotel operations.

8. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Cook in its Dania Beach hotel locations from on or about December 19, 2019 to June 25, 2021.

9. Though RUSSELL was titled a "Cook", he performed other manual labor for AD1 and at its directions, such as front desk duties, and maintenance duties.

10. Plaintiff's responsibilities included work at the hotel wherein he constantly handled goods and materials via interstate commerce.

11. During Plaintiff's employment with AD1, Plaintiff was directly and regularly engaged in interstate commerce and therefore was an "employee" as defined by 29 U.S.C. § 203(e).

12. At all times relevant hereto, Defendant was a covered "employer" under the FLSA, 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in interstate commerce.

13. At all times material to this Complaint, Defendant has had two or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

14. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000.00 for each of the past three (3) years.

15. At all relevant times, RUSSELL worked approximately 10 hours to 11 hours daily each day of the week, including the weekends.

16. Throughout RUSSELL's employment, he often worked over forty (40) hours per week.

17. AD1 paid RUSSELL a flat weekly rate of $600.00 and provided him with an on-premises hotel room at AD1's hotel, The Wyndham at Dania Beach, as part of his compensation.

18. The approximate daily rate for the hotel room is $400.00, making it approximately $12,000.00 monthly.

19. AD1 failed in include the reasonable cost of lodging in calculating RUSSELL's regular rate of pay for overtime compensation.

20. Pursuant to 29 U.S.C. §203, any credit for lodging must be considered as part of RUSSELL's wages.  See 29 CFR §778.116.

3

21. AD1 failed to pay RUSSELL overtime for all hours he worked over forty (40) hours for each work week.

22. AD1 knowingly and willfully operated its business with a policy of not paying the correct overtime rate of one-half of his regular rate of pay for hours worked in excess of the maximum hours provided by the FLSA, to the Plaintiff.

23. AD1 knew that RUSSELL worked overtime, and that the FLSA requires employees in his position to be compensated at one-half per hour for overtime pay.

24. Records, if any, concerning the number of hours actually worked by RUSSELL are in the possession, custody, and control of Defendant.

## ATTORNEY REPRESENTATION

25. Plaintiff has retained the undersigned attorneys and has agreed to pay a reasonable fee for its services.

## COUNT I:  VIOLATION OF FLSA/OVERTIME

26. Plaintiff re-alleges and re-avers paragraphs 1 through 25 as fully set forth herein.

27. During the course of Plaintiff's employment, AD1 has willfully violated by failing to properly pay RUSSELL his overtime pay.

28. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a).

29. Defendant has knowingly and willfully failed to pay RUSSELL overtime in violation of the FLSA.

30.     As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

31.     The approximate amount of overtime due to RUSSELL is 37 hours per week for 79 weeks, equaling 2,923 hours.

32.     RUSSELL's half-time rate taking into consideration his hourly rate of $600.00 per week and approximately $3,000.00, per week for lodging amounts to $45.00.

33.     Accordingly, AD1 owes RUSSELL overtime pay in the amount of: $263,070.00 (2,923 hours x $45.00/hr.).

34.     Due to AD1's willful violation of the FLSA, it owes RUSSELL liquidated damages.

35.     RUSSELL has retained the undersigned firm to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from AD1.

WHEREFORE, Plaintiff GARLIN RUSSELL demands judgment against Defendantfor damages, including unpaid overtime beginning on December 19, 2019 to the date of his separation, liquidated damages, interest, attorneys' fees, costs and such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, GARLIN RUSSELL, hereby demands a trial by jury on all issues so triable.

Dated: July 7, 2021.

                Respectfully submitted,

By:   /s/ Gina M. Cadogan
GINA MARIE CADOGAN
Fla. Bar. 177350
CADOGAN LAW
300 S. Pine Island Road, Suite 107
Plantation, Florida 33324
Tel: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: kathy@cadoganlaw.com